CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ELINA SARKISYAN, on behalf of herself
and others similarly situated,

                                Plaintiff,

-against-

EDWARD MALINA INC. d/b/a DELACQUA SALON &
MEDI SPA, ALEXANDER BEDEROFF a/k/a
"ALEXANDER DELACQUA," and ALEXANDER
BEDEROV a/k/a "ALEXANDER DELACQUA,"

                                Defendants.

-----------------------------------------------------------------X

Case No. 20-CV-4249

**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, ELINA SARKISYAN ("Plaintiff"), on behalf of herself and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants EDWARD MALINA INC. d/b/a DELACQUA SALON & MEDI SPA ("EDWARD MALINA INC."), ALEXANDER BEDEROFF a/k/a "ALEXANDER DELACQUA", and ALEXANDER BEDEROV a/k/a "ALEXANDER DELACQUA" (the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants:

(a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day Plaintiff's work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, EDWARD MALINA INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 2027 86th Street, Brooklyn, New York 11214.

7. Defendant, EDWARD MALINA INC., owns and operates a hair salon and spa doing business as "Delacqua Salon & Medi Spa," located at 2027 86th Street, Brooklyn, New York 11214 (the "Salon").

8. Defendant, ALEXANDER BEDEROFF a/k/a "Alexander Delacqua," is the President and Chief Executive Officer of EDWARD MALINA INC. and, as such, is the owner, shareholder, director, supervisor, managing agent, and proprietor of the Salon, who actively participates in the day-to-day operation of the Salon and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with EDWARD MALINA INC.

9. Defendant, ALEXANDER BEDEROV a/k/a "Alexander Delacqua," is the President and Chief Executive Officer of EDWARD MALINA INC. and, as such, is the owner, shareholder, director, supervisor, managing agent, and proprietor of the Salon, who actively participates in the day-to-day operation of the Salon and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with EDWARD MALINA INC.

10. Upon information and belief defendant ALEXANDER BEDEROFF and ALEXANDER BEDEROV are the same person, who also goes by the name "Alexander Delacqua."[1]

11. Defendant, ALEXANDER BEDEROFF, exercises control over the employment terms of the Salon's employees, in that he has the authority and power to, and does in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii)

---

[1] For purposes of the remainder of this Complaint, defendant Alexander Bederoff/Bederov will simply be referred to as a single individual as Alexander Bederoff.

3

determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

12. At least within each of the three (3) most recent years relevant to the allegations herein, defendant EDWARD MALINA INC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13. Defendant, EDWARD MALINA INC., employs in excess of eleven (11) employees.

14. Defendants employed Plaintiff to work as a non-exempt administrative assistant at the Salon from in or about May 2018 until on or about November 7, 2019.

15. The work performed by Plaintiff was directly essential to the business operated by Defendants.

16. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

17. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20. Defendant, ALEXANDER BEDEROFF, actively participates in the day-to-day operation of the Salon. For instance, Mr. Bederoff: (a) decides when and who to hire and fire; (b) supervises and directs the work of the employees; and (c) instructs the employees how to perform their jobs.

21. Defendant, ALEXANDER BEDEROFF, also creates and implements all crucial business policies, and makes decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

22. In or about May 2018, Defendants hired Plaintiff to work as a non-exempt administrative assistant at the Salon.

23. Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

24. Plaintiff continuously worked at the Salon in that capacity until on or about November 7, 2019.

25. Plaintiff worked over forty (40) hours per week.

26. Throughout the entirety of her employment, Plaintiff normally worked seven (7) days per week and, although her work shift fluctuated each day and week, it typically consisted of anywhere between eight (8) to thirteen (13) hours per day from 8:00 a.m. until sometime between 4:00 p.m. and 9:00 p.m. (and sometimes later).

Plaintiff normally worked between fifty-six (56) and seventy-six (76) hours per week (and sometimes more).

27. Plaintiff was not provided with a designated break during the workday.

28. Plaintiff was not required to punch a time clock or other time-recording device at the start and end of her daily work shift, but was required to track her work hours in a book (provided by the Defendants) each day and week, which was utilized by Defendants to determine the amount of wages Plaintiff was due to be paid each week.

29. During the first two (2) weeks of Plaintiff's employment, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $10 per hour straight time for all hours worked. In addition to not being paid proper minimum wages, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30. Thereafter, and continuing through on or about August 26, 2018, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $11 per hour straight time for all hours worked. In addition to not being paid proper minimum wages, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31. Beginning on or about August 27, 2018 and continuing through on or about September 22, 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $12 per hour straight time for all hours worked. In addition to not being paid proper minimum wages, work

6

performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. Beginning on or about September 23, 2019 and continuing through the remainder of her employment on or about November 7, 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $13 per hour straight time for all hours worked. In addition to not being paid proper minimum wages, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33. At no time during her employment did Defendants provide Plaintiff with a proper weekly wage statement, which correctly identified Plaintiff's true gross wages, deductions, and net wages.

34. Defendants knowingly and willfully operate their business with a policy and practice of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

35. Defendants knowingly and willfully operate their business with a policy and practice of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that their work shift exceeds ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

7

37.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants between September 11, 2017 and the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

39.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

40.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields

of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

41. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

42. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

43. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

  b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

  c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

  d. Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

  e. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

  g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

44. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

46. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

47. Plaintiff brings her New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since September 11, 2014 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wage and/or overtime compensation in violation of the New York Labor Law (the "Class").

48. The persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

49. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

50. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

51. Plaintiff has committed herself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

52. Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understands that, as class representative, she assumes a fiduciary responsibility to the Class members to represent their interests fairly and adequately, and that she must consider the interests of the Class members just as she would represent and consider her own interests, and that she may not favor her own interests over those of the Class members.

53. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments and she understands that she may be called upon to testify in depositions and at trial.

54. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

55. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

    b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether Defendants failed to pay Plaintiff and the Class members statutory minimum wages, in violation of the New York Labor Law and the regulations promulgated thereunder;

    e.    Whether Defendants failed to pay the Plaintiff and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    f.    Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

    g.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

56. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

59. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, Defendant EDWARD MALINA INC. has had gross revenues in excess of $500,000.

60. Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

61. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

62. Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

63. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

64. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

65. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

67. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

68. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

69. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

70. Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

71. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

72. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "71" of this Complaint as if fully set forth herein.

73. Defendants employed Plaintiff and Class members within the meaning of New York Labor Law §§ 2 and 651.

74. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them minimum wages in the lawful amount for hours worked.

75. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

76. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 142-2.4.

77. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them a "spread of hours" premium for each day that their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

78. Defendants failed to properly disclose or apprise Plaintiff and Class members of their rights under the New York Labor Law.

79. Defendants failed to furnish Plaintiff and Class members with a statement with every payment properly listing all gross wages, deductions and net wages, in

contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

80. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

81. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

82. Neither at the time of their hiring, nor any time thereafter, did Defendants notify Plaintiff and Class members in writing of their hourly rate of pay, corresponding overtime rate of pay, and regularly designated payday, in contravention of New York Labor Law § 195(1).

83. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

84. Plaintiff and Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FORRELEIF

**WHEREFORE**, Plaintiff ELINA SARKISYAN, on behalf of herself and all similarly situated Collective Action and Class Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
September 11, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Elina Sarkisyan**, am an individual formerly employed by **Delacqua Salon & Spa**, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       August 17, 2020

_____
Elina Sarkisyan