# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
\_\_\_\_
Telephone (212) 209-3933
Facsimile (212) 209-7102

November 25, 2020

Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:   *Sarkisyan v. Edward Malina, Inc., et al.*
>         *Case No. 20-CV-4249 (BCM)*

Dear Judge Cogan,

We are counsel to the plaintiff in the above-referenced matter. An initial pretrial conference is scheduled before Your Honor on Wednesday, December 2, 2020 at 1:30 p.m. In accordance with the Court's Order, the parties have conferred and hereby jointly submit this letter, together with a Proposed Civil Case Management Plan, for the Court's consideration.

### 1.  Nature of the Action and Principal Defenses

This is an action brought pursuant to the federal Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and New York Labor Law §§ 190 *et seq.*, for the recovery of, *inter alia*, unpaid minimum wages and overtime compensation.

Plaintiff was formerly employed as an administrative assistant at the defendants' hair salon and spa. Plaintiff alleges that she was typically required to work between fifty-six (56) and seventy-six (76) hours per week. With respect to her pay, plaintiff alleges that she was paid on an hourly basis between $10 and $13 per hour. Plaintiff contends that she was paid below the New York statutory minimum wage at all time during her employment, and that the defendants failed to pay her overtime compensation at time and one-half in violation of federal and state labor laws.

Plaintiff also alleges that the defendants failed to pay her one (1) additional hour's pay at the statutory minimum wage rate for each day that her work shift exceeded ten (10) hours, in contravention of the New York Labor Law, and that she failed to receive proper wage notices and weekly wage statements.

It is the defendants' position that defendants have always been and still remain in compliance with the FLSA and New York Labor Law and that based upon the plaintiff's employment records, payroll records and documentary evidence which will be exchanged during discovery, that plaintiff will not be able to prevail on the merits of her claims.

## 2. Subject Matter Jurisdiction

Plaintiff contends that subject matter jurisdiction is proper based upon 29 U.S.C. § 216(b), as well as 28 U.S.C. §§ 1331, 1337, and 1343. Plaintiff further maintains that the Court has supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367. Plaintiff alleges that venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## 3. Outstanding Motions

There are currently no outstanding motions or outstanding requests to file motions. The parties do not anticipate filing any motions at this time.

## 4. Timing of Service of Discovery Demands

The parties have conferred regarding the timing of service of discovery demands and plaintiff has proposed that same be served beginning on December 11, 2020. Defendants' counsel wishes to inform the Court that counsel has a trial scheduled to begin on December 14, 2020 in this Court in a matter currently before the Honorable Judge Ann M. Donnelly. Preparation for trial would make it difficult to meet the December 11, 2020 date as proposed by plaintiff. In light of the foregoing and in further light of the holidays which begin shortly thereafter, defendants request that the parties be given a date in January for service of discovery demands and that all other dates, including the dates for initial disclosures, requests for admissions, and depositions, be adjusted accordingly.

Respectfully submitted,

/s/

Justin Cilenti

cc: Marcus Nussbaum, Esq. (by ECF)