# FISHKIN, GURSHUMOV & NUSSBAUM, P.C.

3059 Brighton 7th St 1st fl  Email: office@fgnlawfirm.com  https://fgnlawfirm.com
Brooklyn, NY 11235-6455   Tel: 718.509.0609  Fax: 718.509.0580   /@FGNlaw

May 11, 2021

**VIA ECF**
Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. 8DS
Brooklyn, New York 11201

    Re:    *Sarkisyan v. Edward Malina Inc. et al.*
              Docket No.: 1:20-cv-04249-BMC

Dear Honorable Judge Cogan:

    This law firm represents defendants Edward Malina Inc. d/b/a Delacqua Salon & Medi Spa and Alexander Bederoff (collectively "defendants") in this matter. The undersigned writes to the Court jointly with counsel for plaintiff to respectfully request that the Court approve the Settlement Agreement and Release ("Agreement") in this matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The Agreement is submitted herewith as Exhibit 1, and the Parties' Stipulation of Dismissal is attached as Exhibit A to the Agreement. Accordingly, we respectfully request that Your Honor approve the proposed Agreement and "So-Order" the Stipulation of Dismissal attached thereto.

    Plaintiff was formerly employed as an administrative assistant at the defendants' hair salon and spa. Plaintiff alleged that she was typically required to work between fifty-six (56) and seventy-six (76) hours per week. With respect to her pay, plaintiff alleged that she was paid on an hourly basis between $10 and $13 per hour. Plaintiff contended that she was paid below the New York statutory minimum wage at all time during her employment, and that the defendants failed to pay her overtime compensation at time and one-half in violation of federal and state labor laws. Plaintiff also alleged that the defendants failed to pay her one (1) additional hour's pay at the statutory minimum wage rate for each day that her work shift exceeded ten (10) hours, in contravention of the New York Labor Law, and that she failed to receive proper wage notices and weekly wage statements.. Defendants denied all of the allegations.

    As set forth in the Agreement, Plaintiff has agreed to settle her claims for $45,000. The Parties reached the settlement during participation in a Court Ordered mediation as part of the mediation referral program pilot program for cases brought under the FLSA. During discovery in this matter, the defendants were required to produce all time sheets and payroll records in their possession. Based on the available payroll records and time sheets as well as Plaintiff's reasonable recollection of the hours she worked, Plaintiff was able to fine-tune her damages calculations prior to mediation. In short, Plaintiff estimated her best-case compensatory damages for the wage and hour—including spread of hours—violations at approximately $15,000. If successful at trial, Plaintiff could also recover penalties for the wage notice and wage statement violations as well as liquidated damages.

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citations and quotations omitted).

Here, the Agreement is reasonable and should be approved because it is a fair compromise of disputed claims in light of the risks in this case. As set forth above, plaintiff's "best case" actual compensatory damages for FLSA and NYLL claims based on the allegations in the Complaint are approximately $15,000.00. In addition, as set forth above, defendants could be liable to pay plaintiff penalties, bringing plaintiffs maximum recovery to approximately $30,000. These figures are based on allegations that Defendants contest and which carried risks. Specifically, Defendants contended that they paid plaintiff for all hours worked, including overtime and spread of hours pay. Thus, plaintiff faced legal and factual risks on their primary claims. Nonetheless, the settlement covers 100% of the unpaid wages they allege they are owed under the FLSA and NYLL.

In light of the potential for an award of attorneys' fees to accrue significantly if litigation were to proceed forward, plaintiffs' claims were also properly settled at a discount, as—given the Defendants' financial situation—there was also substantial risk that they would be unable to pay any more than the amount that the Parties settled. The Agreement provides for reasonable attorneys' fees and costs to Plaintiff's counsel. Under the Agreement, Plaintiffs' counsel will receive one-third of the settlement – or $15,000.00 – as attorneys' fees. The proposed fee award of one-third of the settlement amount should be approved because it was consensual and agreed to by the Plaintiff. A request for a one-third fee is also consistent with Plaintiffs' retainer agreement. See, Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. 2013) (noting the consensual nature of the fee arrangement); see also Rangel v. 639 Grand St. Meat & Produce Corp., 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit.").

Moreover, "one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases." Ashby v. Go N.Y. Tours Inc., 2017 U.S. Dist. LEXIS 137151, at *6 (S.D.N.Y. 2017) (quoting Najera v. Royal Bedding Co., LLC, 2015 U.S. Dist. LEXIS 71877, [E.D.N.Y. 2015]). See also, e.g., Villanueva v. 179 Third Ave. Rest Inc., 2018 U.S. Dist. LEXIS 116379, at *1 (S.D.N.Y. 2018) ("Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases."); Chung v. Brooke's Homecare LLC, 2018 U.S. Dist. LEXIS 80098, at *4 (S.D.N.Y. 2018) ("Courts routinely award 33.33% of a settlement fund as a reasonable fee in FLSA cases."); Cruz v. Jos Concept LLC, 2017 U.S. Dist. LEXIS 139079, at *6-7 (S.D.N.Y. 2017) ("Nevertheless, an award of $6,600 does not constitute a windfall for Plaintiff's counsel, and appears to be reasonable compensation for the work put into this case.

The settlement was the result of arm's-length negotiations following document productions by both parties, as well as multiple conversations between counsel related to the documents the parties produced. Thus, plaintiff was able to fairly evaluate the strengths and weaknesses of her claims and the ultimate settlement. The litigation was aggressively and expeditiously litigated and finally resolved at mediation with an eye towards saving the parties' time and resources without further litigation.

For the foregoing reasons, plaintiff respectfully requests (on consent of defendants) that the Court approve the Parties' Agreement and "so order" the stipulation of dismissal.

We thank the Court for its continued courtesy and consideration in this matter.

Respectfully submitted,

/s Marcus Aurelius Nussbaum
Marcus A. Nussbaum (MN 9581)